FILED

NOT FOR PUBLICATION

FEB 15 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50399 |
| Plaintiff - Appellee, | D.C. No. 8:10-cr-00036-JVS-1 |
| v. | |
| J. GUADALUPE BRAVO-MENDOZA, AKA Daniel G. Bravo, AKA Guadalupe Bravo-Mendoza, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted February 11, 2013
Pasadena, California

Before: KOZINSKI, Chief Judge, KLEINFELD and SILVERMAN, Circuit
Judges.

Bravo-Mendoza's waiver of counsel complied with *Faretta v. California,*

422 U.S. 806, 835 (1975). He was advised of, and acknowledged that he

understood, the charges, potential sentence, and risks of self-representation.

*United States v. Forrester*, 512 F.3d 500, 506-07 (9th Cir. 2008).

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

*Indiana v. Edwards,* 554 U.S. 164, 177-78 (2008), does not require that a district court conduct a hearing to determine whether a defendant who is competent to stand trial is also competent to represent himself at trial. Rather, *Edwards* permits the trial court to deny a defendant his constitutional right to self-representation if the defendant is so severely mentally ill that he is unable to carry out the basic tasks necessary for self-representation. *See United States v. Thompson*, 587 F.3d 1165, 1171-72 (9th Cir. 2009); *United States v. Ferguson*, 560 F.3d 1060, 1070 n.6 (9th Cir. 2009). Despite Bravo-Mendoza's odd comments, the record establishes that he was able to represent himself. He made peremptory challenges during voir dire, cross-examined witnesses, presented a defense, introduced documents, testified, made a closing argument, made appropriate and timely motions for judgment of acquittal, and argued that his prior convictions were too old to be considered by the court at sentencing. Bravo-Mendoza was also assisted by, and frequently consulted with, competent stand-by counsel throughout the proceedings. The district court correctly respected Bravo-Mendoza's right to represent himself; furthermore, the record does not establish that Bravo-Mendoza was denied a fair trial.

AFFIRMED.